UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| NA'IM JIHAE,<br><br>　　Petitioner,<br><br>v.<br><br>GARY SWANEY, Warden<br><br>　　Respondent. | Civil Action No. 6:23-CV-006-CHB<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

Petitioner Na'im Jihae, formerly known as Dumonde Wiley, is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Manchester in Manchester, Kentucky. Proceeding without counsel, Jihae has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [R. 1, 4]. This matter is now before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In February 2004, Jihae was convicted by a jury in the United States District Court for the Western District of Kentucky of eleven counts of interference with interstate commerce by threat of violence in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and eleven counts of use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). In May 2004, Jihae was sentenced to a total term of imprisonment of 3,184 months. Jihae's conviction and sentence were

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

affirmed on appeal to the United States Court of Appeals for the Sixth Circuit. *United States v. Na'im Jihae, f/k/a, Dumonde Wiley*, No. 3:02-cr-062-CRS-2 (W.D. Ky. 2002).

In November 2006, Jihae filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court in March 2007. The Sixth Circuit affirmed the denial of Jihae's § 2255 motion in July 2008. *Id*. Jihae filed two motions with the Sixth Circuit for leave to file a second or successive motion to vacate in 2016 and 2017, both of which were denied.

In 2018, Jihae filed a third motion with the Sixth Circuit requesting leave to file a second or successive § 2255 motion, in which he argued in part that "Detective Mark Handy, a LOUISVILLE police DET. was recently Indicted for police misconduct which occurred during his career. Petitioner made claims against the DET. During suppression hearing." *See In re: Dumonde Wiley*, No. 18-6250 (6th Cir. 2018) at R. 4 (Corrected second successive motion), p. 5. Jihae further stated:

> THE DETECTIVE WAS RECENTLY INDICTED FOR perjury, official misconduct, mishandling of evidence and forced [coerced] confessions. All which was not available to petitioner at trial to impeach Detective testimony.
> …
> DETECTIVE MARK HANDY A VETERAN DETECTIVE DELIBERATELY PLANTED…evidence, perjured testimony to the KENTUCKY SUPREME COURT TO FALSELY CONVICT numerous defendants.
> …
> THIS INFORMATION DID NOT SURFACE AND WASN'T KNOWN TO PETITIONER UNTIL THE LOUISVILLE COURIER-JOURNAL PUBLISHED STORIES OF THE DETECTIVE'S MISCONDUCT AND PAST BLATANT ABUSE OF POWER.

*Id*. at p. 5–6.

The Sixth Circuit denied Jihae's third motion for leave to file a second or successive § 2255 motion. With respect to Jihae's prosecutorial misconduct and obstruction of justice claims related to Handy, the Sixth Circuit rejected the claims, as "the attachments to his motion do not establish

that, viewing the evidence as a whole, no reasonable factfinder would have found him guilty." *In re: Dumonde Wiley*, No. 18-6250 (6th Cir., Apr. 26, 2019 Order). Since that time, Jihae has filed a motion for a reduction in sentence pursuant to 28 U.S.C. § 3582(c), as well as an additional motion to file a second or successive § 2255 motion, both of which have been denied. *See generally United States v. Na'im Jihae, f/k/a, Dumonde Wiley*, No. 3:02-cr-062-CRS-2 (W.D. Ky. 2002).

Jihae has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. In his § 2241 petition, he claims that he is entitled to relief because, in obtaining his conviction, the government used evidence "solely" gathered by Detective Handy, who was being investigated by the Louisville Police Department and was no longer a detective at Jihae's trial and suppression hearing. [R. 1 at p. 5]. He further claims that Handy "conducted ATF reports, gather[ed] evidence and [conducted] follow-up investigation." *Id*. According to Jihae, Handy "plead guilty to perjury and tampering with physical evidence and was sentenced to one year in prison." *Id*. Jihae argues that, in light of this, "all evidence that this Detective gathered or submitted shall be suppressed," and requests that this Court grant his attached Motion to Suppress any and all evidence gathered by Handy in his criminal case. [R. 1 at p. 8, R. 1-2]. He seeks to bring his claims in a § 2241 petition filed in this Court via the "savings clause" of 28 U.S.C. § 2255(e), arguing that the remedy under § 2255 is inadequate or ineffective "because facts that are known about investigator were not known at trial and these facts just became known to petitioner." [R. 1 at p. 3].

However, the Court must dismiss Jihae's § 2241 petition for lack of subject matter jurisdiction because he does not meet the requirements of the "savings clause" provision of 28 U.S.C. § 2255(e). While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," Section 2441's applicability is

severely restricted by 28 U.S.C. § 2255. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or enhancement of his sentence, but must instead file a motion under § 2255 in the court that sentenced him. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To properly invoke the savings clause, a petitioner must show that, after his conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing – as a matter of statutory interpretation – that either his federal conviction is invalid because his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his federal sentence is excessive because a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e)

4

is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to meet these requirements mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 499–500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Here, Jihae does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020). Indeed, Jihae does not cite to *any* case law, much less a decision issued by the Supreme Court. In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).

Instead, Jihae claims that the facts regarding Detective Handy's conduct "just became known" to Jihae and, in light of Handy's conduct, all evidence gathered by Handy against Jihae should have been suppressed at his criminal trial. However, § 2255(h)(1) allows for a petitioner to seek permission from the appropriate court of appeals to file a second or successive § 2255 motion based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Jihae could (and did) raise his allegations regarding Handy in his third request for permission to file a second or successive § 2255 motion and his claims for relief based on these allegations were considered and rejected by the Sixth Circuit. *In re: Dumonde Wiley*, No. 18-6250 (6th Cir., Apr. 26, 2019 Order). A motion under § 2255 is not "inadequate or ineffective" simply because Jihae attempted to raise

5

his claims in a second or successive § 2255 motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Because Jihae cannot show that "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he may not raise his claims in a § 2241 petition via the savings clause of § 2255(e). *Id*. at 706. And because Jihae does not meet the requirements to proceed in this matter via the savings clause of § 2255(e), this Court may not entertain his § 2241 petition. Accordingly, Jihae's § 2241 petition must be dismissed for lack of subject matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Jihae's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DISMISSED** for lack of subject-matter jurisdiction;

2. Any pending requests for relief are **DENIED**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This the 10th day of February, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY